UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN S. LAMPROS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NANCY L. BAKER,<br><br>　　　　Defendant. | Case No.: 3:14-cv-00026-RCJ-VPC<br><br>**ORDER** |

This is a defamation case removed based upon a counterclaim and third-party complaint alleging unconstitutional retaliation in violation of the First and Fourteenth Amendments. A Third-Party Defendant has moved to dismiss the federal counterclaim and third-party claim. For the reasons given herein, the Court grants that motion and remands the remainder of the case to state court.

## I.   FACTS AND PROCEDURAL HISTORY

On or about July 13, 2013, Defendant Nancy L. Baker published unprivileged, defamatory statements concerning Plaintiff John S. Lampros. (Compl. ¶ 8, Sept. 13, 2013, ECF No. 1, at 5). Specifically, she posted to the "White Pine & Ely Politics" page of the Facebook website that Lampros was a "bully or an alcoholic." (*Id.* ¶ 10). Lampros sued Baker in state court for defamation. Baker filed a Counterclaim and Third-Party Complaint against Lampros

and White Pine County (the "County") for: (1) unlawful retaliation under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; and (2) abuse of process. (*See* Answer & Countercl. 3–4, Oct. 17, 2013, ECF No. 1, at 13). The County has moved to dismiss the Third-Party Complaint for failure to state a claim.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. ANALYSIS

The County argues that Defendant's Third-Party Complaint should be dismissed, because Lampros did not act as an agent of the County when he allegedly retaliated against Plaintiff. The Court agrees. Defendant identifies only Lampros's filing of the present lawsuit as the basis of

the retaliation claim, (*see* Answer & Countercl. ¶ 4, at 3), and it is clear from the docket that Lampros filed the present lawsuit as an individual.  The Court therefore dismisses the § 1983 claim as against the County.  It makes no difference, as Baker argues in response, that Baker's allegedly defamatory statements were directed to the "reputation [Lampros] has achieved through color of office."  The question is whether Lampros's filing of the present suit was done on behalf of the County.  There is no such allegation in the Counterclaim, and the record definitively refutes such a notion.

Because it is clear from documents of which the Court may take judicial notice (the Court's own docket) that Lampros filed the present Complaint not as a state actor, but as an individual, the Court also dismisses the § 1983 claim as against Lampros himself, and the Court need not turn the present motion into a motion for summary judgment to do so.  The only claims remaining being those for defamation and abuse of process under state law, and there being no diversity, the Court remands the case to the Seventh Judicial District Court. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the case is REMANDED, and the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 17th day of April, 2014.

_____
ROBERT C. JONES
United States District Judge